**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, LOCAL NO. 73, | )<br>)<br>)<br>)<br>) |
| and | ) Case No.:<br>) |
| THE TRUSTEES of the SHEET METAL WORKERS LOCAL NO. 73 PENSION FUND, SHEET METAL WORKERS LOCAL NO. 73 WELFARE FUND; and SHEET METAL WORKERS LOCAL NO. 73 ANNUITY FUND, | )<br>) Judge:<br>)<br>)<br>) Magistrate Judge:<br>) |
| Plaintiffs, | ) |
| v. | ) |
| TRUE MECHANICAL, LLC | ) |
| An Illinois Limited Liability Corporation | ) |
| Defendant. | ) |

**COMPLAINT**

Plaintiffs, SHEET METAL WORKERS LOCAL NO. 73 (hereinafter **"Plaintiff Union"**) and THE TRUSTEES of the SHEET METAL WORKERS LOCAL NO. 73 PENSION FUND, SHEET METAL WORKERS LOCAL NO. 73 WELFARE FUND and SHEET METAL WORKERS LOCAL NO. 73 ANNUITY FUND (collectively **"Plaintiff Funds"**) by and through their attorneys at Gregorio ♦ Marco, Ltd., bring the following action against TRUE MECHANICAL, LLC. (hereinafter "**Defendant**" or "**Company**"). In support, the Plaintiffs state as follows:

1

## Count I (ERISA)

1. This action arises under Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132 *et seq*. (hereinafter referred to as "ERISA") and Section 301 of the Taft-Hartley Act, 29 U.S.C. §185. Jurisdiction is founded on the existence of questions arising thereunder.

2. The Plaintiff Funds are multiemployer plans as defined under 29 U.S.C. § 1002. Their principal offices are located at 4550 Roosevelt Road, Hillside, Illinois, within the Northern District of Illinois.

3. The Defendant is an employer engaged in the sheet metal industry. Its principle office is located at 1205 Karl Ct., Suite 104, Wauconda, IL, and is within the Northern District of Illinois.

4. The Plaintiff Funds receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Plaintiff Union.

5. On May 12, 2015, Defendant executed a Supplemental Agreement (hereinafter "Agreement") with the Sheet Metal Workers' Union, Local No. 73 and other documents acknowledging receipt of a Collective Bargaining Agreement (hereinafter "CBA") and acknowledging the Agreement and Declaration of Trust, true and correct copies of which are attached hereto as **Exhibit A**. By its terms, the Supplemental Agreement between Defendant and the Union adopted the terms of the CBA. The CBA binds Defendant to the terms of the Trust Agreements which created the Plaintiff Funds.

6. The CBA requires Defendant to contribute to the Plaintiff Funds and binds Defendant to the plan's governing documents, including the Trust Agreement. The Trust Agreement requires the Defendant to submit monthly reports listing the hours worked by its

bargaining unit employees (hereinafter referred to as "monthly contribution reports"). The Defendant is also required to make concurrent payment of contributions to the Plaintiff Funds based upon the hours worked by said employees.

7. Defendant has breached its obligations under the Trust Agreement and the CBA by failing to submit monthly contribution reports for the months of May 2018 to present.

8. Due to Defendant's failure to submit contribution reports, Plaintiffs are unable to calculate the amount of any monthly contributions and/or late assessments which may be due for the above-listed months.

9. Plaintiffs have requested that Defendant become current and perform its obligations listed above, but Defendant has failed and refused to so perform.

10. As an employer obligated to make fringe benefit contributions to the Funds, Defendant is specifically obligated to compensate Plaintiffs for the additional administrative costs and burdens imposed by Defendant's failure to submit reports or pay contributions, by paying liquidated damages on the whole amount of any contributions remaining unpaid, together with interest, as provided in 29 U.S.C. §1132(g)(2)(B).

11. As an employer obligated to make fringe benefit contributions to the Funds, Defendant is specifically obligated to pay Plaintiff's reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to recover delinquent contributions, as provided in 29 U.S.C. §1132(g)(2)(D).

12. Pursuant to 29 U.S.C. §1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of a) double interest on the unpaid contributions or b) interest plus liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount due.

13. Defendant has breached the obligations under the Trust Agreements and CBA by

failing to timely submit monthly reports, and currently owes at least $7,073.97 in liquidated damages.

WHEREFORE, Plaintiffs pray:

A. That the Defendant be ordered to submit the reports referenced in Count I pursuant 29 U.S.C. §§1132(g)(A), 1145;

B. That Defendant be ordered to pay the amounts owed on the contribution reports referenced in Count I;

C. That the Defendant be ordered to pay interest on any contributions found to be due from the reports referenced in Count I pursuant to 29 U.S.C. §1132(g)(2)(B);

D. That the Defendant be ordered to pay liquidated damages on any delinquent contributions found to be due pursuant to 29 U.S.C. §1132(g)(2)(C);

E. That Defendant be ordered to pay the late assessments found to be due from the reports referenced in Count I pursuant to 29 U.S.C. §1145.

F. That the Defendant be ordered to pay the reasonable attorney fees and costs incurred by the Plaintiffs referenced in Count I pursuant to 29 U.S.C. §1132(g)(2)(D);

G That Plaintiffs be granted such other relief as the Court deems just and equitable.

    Respectfully submitted,
    **Sheet Metal Workers 73 Benefit Funds**

    BY:/s/ Grant R. Piechocinski_____
       One of their attorneys

Grant R. Piechocinski
Gregorio ♦ Marco, Ltd.
Attorney for Plaintiffs
2 North LaSalle Street
Chicago, IL 60602
(312) 263-2343